# EXHIBIT 1

| STATE OF TENNESSEE 16th JUDICIAL DISTRICT CIRCUIT COURT | # SUMMONS | CASE FILE NUMBER 76576 |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| Veronica Omar | **vs.** Yates Services, LLC & Envision AESC US, LLC |

**TO: (NAME & ADDRESS OF DEFENDANT)**

Envision AESC US, LLC
c/o Registered Agent: Bruce C. Doeg
211 Commerce Street
Suite 800
Nashville, TN 37201-1817

**List each defendant on a separate summons.**

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGEMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| **Attorney for plaintiff:** (Name, address & telephone number) Nina Parsley, Esquire Michael D. Ponce & Associates 400 Professional Park Drive Goodlettsville, TN 37072 | **DATE ISSUED & ATTESTED** 11/7/19 |
|---|---|
| | MELISSA HARRELL, Circuit Court Clerk |
| | By: _____ Deputy Clerk |

## CERTIFICATION

I, MELISSA HARRELL, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be true and correct copy of the original summons issued in this cause.

BY: _____ DEPUTY CLERK

| **TO THE SHERIFF:** | **DATE RECEIVED** |
|---|---|
| Please execute this summons and make your return within thirty days of issuance as provided by law. | **Sheriff** |

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

| **DATE OF PERSONAL SERVICE:** | |
|---|---|
| | **Sheriff** |
| | BY: |

Submit three copies: service copy, defendant's copy, file copy.          ♿ ADA COORDINATOR (615-494-4480)

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes.
This the _____ day of _____, 20 _11_/_19_/20 _19_ _____.

Deputy Susana Herrera
Davidson County Sheriff's Office
P.O. Box 196383 Nashville, TN. 37219-6383

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 _____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 _____. I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 _____. The return receipt is attached to this original summons to be filed by the Clerk of Court.

| | |
|---|---|
| Sworn to and subscribed before me this _____ day of _____, 20 _____. | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process |
| My Commission Expires: _____, 20 _____. | |
| **NOTICE OF PERSONAL PROPERTY EXEMPTION** | |

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

Mail list to:     MELISSA HARRELL, Circuit Court Clerk
Room 106, Judicial Center
116 W. Lytle Street
Murfreesboro, TN 37130

Please state file number on list.

## IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

FILED

NOV 07 2019

1:56 O'CLOCK P.M.
MELISSA HARRELL
DEPUTY CLERK

VERONICA OMAR,            )
                                )
    Plaintiff,          )
                                )
v.                               )    Case No. 76576
                                )
YATES SERVICES, LLC & ENVISION  )
AESC US, LLC              )
    Defendant.         )    **JURY DEMANDED**

## COMPLAINT

Comes now the Plaintiff, by and through counsel, and would respectfully submit to the Court the following Complaint:

1.      The Plaintiff, Veronica Omar, is a resident of the State of Tennessee, residing in Davidson County, Tennessee.

2.      The Defendant, Yates Services, LLC is a for-profit limited liability company in the State of Tennessee located at 983 Nissan Drive, Smyrna, TN.

3.      The Defendant, Envision AESC US, LLC is a for-profit limited liability company in the State of Tennessee located at 500 Battery Plant Road, Smyrna, TN and can be served through their registered agent: Bruce C. Doeg, 211 Commerce Street, Suite 800, Nashville, TN 37201-1817.

4.      This Court has jurisdiction in this matter as the events giving rise to this matter took place in Smyrna, Rutherford County, Tennessee at Yates Services LLC's place of business therein.

## FACTS

5.    At all times relevant to this matter the Plaintiff was employed by the Defendant. She was hired by Yates Services on or around September 24, 2018 as a manufacturing associate / machine operator.

6.    In November of 2018, Plaintiff reported to her immediate supervisor, Christopher Whittaker, that she was being harassed and intimidated by her female coworker and suffering from a sexually hostile work environment.

7.    Management took no action of recourse after Plaintiff complained in November of 2018.

8.    Plaintiff began to be bullied by fellow coworkers when they learned of Plaintiff's report.

9.    On April 4, 2019, Plaintiff again complained to her production supervisor, Christopher Whittaker, about the sexual harassment, this time from a female coworker named Rebecca Galyk who had forcefully pushed her body against the Plaintiff's thighs, buttocks, back and hips.

10.    After her complaints of sexual harassment to her supervisor, the Plaintiff was sent home without pay while Rebecca was permitted to finish her shift.

11.    Female coworkers continued to make harsh statements and harass Plaintiff.

12.    The Plaintiff also reported the April 4, 2019 incident to the HR contact, Megan, with the staffing agency at Yates Services on April 19, 2019, and she was given a written warning. Meanwhile, Rebecca received no write up or disciplinary action.

13.    Supervisor Christopher Whittaker stated that he did not feel the Plaintiff's reports about Rebecca Galyk touching her were "that serious."

14.    On April 12, 2019, Plaintiff indicated to her supervisor, Christopher Whittaker that she had been placed on medical restrictions from her doctor, limiting her lifting to nothing greater than 20 pounds and alternating sitting and standing at least every hour.

15.    Plaintiff was allowed to work quality control with no scheduled overtime for approximately two months.

16.    On June 14, 2019, Tracy began threatening client to sign up for overtime or be forced to work overtime and any refusal would result in disciplinary action or a write up while she was still under medical restrictions.

17.    On July 12, 2019, Plaintiff resigned from her position due to the unchecked harassment and retaliation for reporting the harassment to management, because of her disability and/or perceived disability, and/or her gender, female, and/or in retaliation for reporting sexual harassment.

## COUNT ONE
## GENDER DISCRIMINATION

18.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 – 14 above.

19.    At all times pertinent to this action, Plaintiff was a "person" within the meaning of Tennessee Code Annotated § 4-21-102(14).

20.    At all times pertinent to this action, Defendant was an "employer" within the meaning of Tennessee Code Annotated § 4-21-102(4).

21.    The Plaintiff asserts that she was treated poorly and received disparate

treatment as compared to employees who were similarly situated. Plaintiff was harassed on the basis of her gender and was forced to leave her position as a result of her gender.

22.     Plaintiff's female colleague, Rebecca Galyk, inappropriately touched and sexually harassed Plaintiff.

23.     The reported harassment went unchecked and Plaintiff's reports were not taken seriously as a female being sexually harassed by other females.

24.     At all times relevant as set forth herein, the Plaintiff avers the following:

    a.  the Plaintiff was a member of a protected class;

    b.  the Plaintiff was treated differently because of her sex (female);

    c.  the Defendant's discrimination of the Plaintiff was based on her gender;

    d.  the Defendant's discrimination of the Plaintiff affected a term, condition, and/or privilege of the Plaintiff's employment;

25.     The Defendant's sexual discrimination of the Plaintiff caused her physical or mental wellbeing to be seriously affected;

26.     The Defendant failed to take prompt and appropriate corrective action to eliminate the discrimination.

27.     The Plaintiff was forced to resign because of her gender.

28.     The Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, disparate treatment, discrimination and the Plaintiff's gender.

29.     The Defendant discriminated against Plaintiff with respect to her terms, conditions, and privileges of employment because of or on the basis of gender, in violation of T.C.A. § 4-21-401(a)(1).

## COUNT TWO
## DISABILITY DISCRIMINATION

30.    At all times pertinent to this action, the Plaintiff was an employee of the Defendant with a "disability" within the meaning of the Tennessee Disability Act, and Tennessee Code Annotated § 8-50-103.

31.    At all times pertinent to this action, the Defendant was an "employer" within the meaning of the Tennessee Disability Act and Tennessee Code Annotated § 8-50-103.

32.    The Plaintiff asserts from April 12, 2019, the Plaintiff had a disability and was placed on restrictions by her doctor that substantially limited her which was apparent to and perceived by the Defendant.

33.    Because of her medical condition, Plaintiff needed to be placed in another department to accommodate her restrictions.

34.    Plaintiff had verbally informed management that she suffered from a medical condition and provided management with the written doctor's note.

35.    Additionally, the Defendant perceived or regarded the Plaintiff's medical condition as a disability, consistent with the Tennessee Disability Act and Tennessee Code Annotated § 8-50-103.

36.    During this applicable time period, the Plaintiff 1) suffered from one or more physical impairments and/or complications that substantially limited one or more of the Plaintiff's activities; 2) the Plaintiff was qualified and able to perform the required job and essential job functions of quality control despite the handicap or disability and restrictions; and 3) the Defendant knowingly discriminated against the Plaintiff and forced overtime hours on her with threat of punishment in spite of her disability.

37.     The Defendant discriminated against the Plaintiff and threatened adverse action against her request for reasonable accommodation(s) to maintain her regular work hours.

38.     At all relevant dates and times as forth herein, the Defendant is vicariously liable for the actions and inappropriate conduct of its employees, agents and/or representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the handicap and disability discriminating behavior; (b) the Defendant did not properly supervise and train the Plaintiff's supervisors regarding appropriate behavior towards employees with injuries or disabilities; (c) the Defendant did not properly train the Plaintiff's supervisors regarding the Defendants' policies towards a workplace free of handicap and disability discrimination; (d) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report handicap and disability discrimination occurring within the Defendant's workplace; and (e) the Defendant did not have a viable and reasonable procedure and policy in effect to provide reasonable accommodation to its employees with disabilities.

39.     At said relevant dates and times as set forth herein:

        a)      the Plaintiff was a qualified individual with a disability that substantially limited a major life activity and/or the employer treated and perceived the Plaintiff as if the Plaintiff's impairment substantially limited a major life activity;

        b)      the Plaintiff was able to perform the essential functions of her job with or without reasonable accommodation; and the Plaintiff suffered a tangible employment action in being forced to resign by the employer as a result of her disability.

## COUNT THREE
## RETALIATION

40.     In November 2018, Plaintiff complained of sexual harassment.

41.     In April 2019, Plaintiff complained of sexual harassment and a hostile work environment.

42.     At all times pertinent to this action, Plaintiff was a "person" and Defendant was an "employer" within the meaning of Tennessee Code Annotated § 4-21-102(14).

43.     The Plaintiff asserts that there is a causal connection between the Plaintiff's report of sexual harassment and her resignation in July 2019.

44.     The Plaintiff would aver that the Defendant's reason for her write up and dismissal from work was pre-textual and, further, the Plaintiff was written up and dismissed from work without pay due to her complaint of sexual harassment and a hostile work environment.

45.     Defendant retaliated against Plaintiff with respect to her terms, conditions, and privileges of employment because of or on the basis of her reporting sexual harassment, in violation Tennessee Code Annotated § 4-21-102 *et seq*. when they wrote her up and dismissed her from work without pay in April of 2019.

## APPLICABLE TO ALL COUNTS

46.     As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly discriminated against, retaliated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress,

humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses.

47.     Plaintiff has retained Michael Ponce & Associates to represent her in this action and has agreed to pay the firm a reasonable attorney's fee for its services.

48.     Plaintiff further submits that the Defendant has acted: (a) intentionally, and/or (b) maliciously, and/or (c) recklessly in terminating the Plaintiff and that the Plaintiff is entitled to an award of punitive damages.

### WHEREFORE PLAINTIFF PRAYS:

a)     That service of process issue to Defendant as set forth in;

b)     Back pay and front pay, and benefits;

c)     Pre-judgment interest;

d)     Compensatory, consequential and punitive damages not to exceed $100,000.00.

e)     Reasonable attorney's fees and costs; and

f)     Other such legal and equitable relief as the Court deems just and proper;

g)     That a jury of twelve (12) be empaneled to try this action.

Respectfully submitted,

MICHAEL D. PONCE & ASSOCIATES

Kenneth F. Major [BPR No. 37030]
Nina H. Parsley [BPR No. 23818]
400 Professional Park Drive
Goodlettsville, TN 37072
Attorney for Plaintiff
615-851-1776
615-859-7033 Facsimile
kenneth@poncelaw.com
nina@poncelaw.com

State of Tennessee, Rutherford County
The undersigned, Circuit Court Clerk of
the said County and State, hereby certifies
that the foregoing is a correct copy of
the instrument filed in the foregoing case
in the Circuit Court of Murfreesboro, Tennessee
This _____ day of _____ 2019
MELISSA HARRELL
Deputy Clerk

| STATE OF TENNESSEE 16th JUDICIAL DISTRICT CIRCUIT COURT | SUMMONS | CASE FILE NUMBER 76516 |
|---|---|---|

| **PLAINTIFF** | **DEFENDANT** |
|---|---|
| Veronica Omar | **vs.** Yates Services, LLC & Envision AESC US, LLC |

**TO: (NAME & ADDRESS OF DEFENDANT)**

Yates Services, LLC
c/o HR Representative
983 Nissan Drive
Smyrna, TN 37167

List each defendant on a separate summons.

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGEMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| **Attorney for plaintiff:** (Name, address & telephone number) Nina Parsley, Esquire Michael D. Ponce & Associates 400 Professional Park Drive Goodlettsville, TN 37072 | **DATE ISSUED & ATTESTED** 11/7/19 |
|---|---|
| | MELISSA HARRELL, Circuit Court Clerk |
| | By: _____ Deputy Clerk |

**CERTIFICATION**

I, MELISSA HARRELL, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be true and correct copy of the original summons issued in this cause.

BY: _____ DEPUTY CLERK

| **TO THE SHERIFF:** | **DATE RECEIVED** |
|---|---|
| Please execute this summons and make your return within thirty days of issuance as provided by law. | **Sheriff** |

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that I served this summons together with the complaint as follows:

| **DATE OF PERSONAL SERVICE:** | |
|---|---|
| | **Sheriff** |
| | BY: |

Submit three copies: service copy, defendant's copy, file copy.    &ADA COORDINATOR (615-494-4480)

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO

| | | |
|---|---|---|
| VERONICA OMAR, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 76576 |
| | ) | |
| YATES SERVICES, LLC, and | ) | |
| ENVISION AESC US, LLC | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**FILED**
**NOV 1 9 2019**
2:56 O'CLOCK
MELISSA HARRELL
DEPUTY CLERK

## NOTICE OF APPEARANCE

Charles J. Mataya of Bradley Arant Boult Cummings LLP hereby enters his appearance as counsel of record for Defendant Yates Services, LLC, and requests service of all pleadings, orders, and other filings in this case.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By: _Charles J Mataya (w/ perm.)_
Charles J. Mataya (BPR #012710)
John P. Rodgers (BPR # 030324)
1600 Division Street
P.O. Box 340025
Nashville, Tennessee 37203
P: (615) 252-2324
F: (615) 252-6324
cmataya@bradley.com
jrodgers@bradley.com

*Attorneys for Defendant Yates Services, LLC*

4833-3961-5885.1

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO

| | |
|---|---|
| VERONICA OMAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 76576 |
| | ) |
| YATES SERVICES, LLC, and | ) |
| ENVISION AESC US, LLC | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## NOTICE OF APPEARANCE

Charles J. Mataya of Bradley Arant Boult Cummings LLP hereby enters his appearance as counsel of record for Defendant Yates Services, LLC, and requests service of all pleadings, orders, and other filings in this case.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By: *Charles J Mataya (w/ perm.)*

Charles J. Mataya (BPR #012710)
John P. Rodgers (BPR # 030324)
1600 Division Street
P.O. Box 340025
Nashville, Tennessee 37203
P: (615) 252-2324
F: (615) 252-6324
cmataya@bradley.com
jrodgers@bradley.com

*Attorneys for Defendant Yates Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2019, a true and exact copy of the foregoing has been sent via U.S. Mail, postage prepaid, to the following:

Kenneth F. Major
Nina H. Parsley
MICHAEL D. PONCE & ASSOCIATES
400 Professional Park Drive
Goodlettsville, TN 37072
kenneth@poncelaw.com
nina@poncelaw.com

*Attorneys for Plaintiff*

*Charles J Mataya* (w/ perm.)
Charles J. Mataya

2

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO

| | | |
|---|---|---|
| VERONICA OMAR, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 76576 |
| | ) | |
| YATES SERVICES, LLC, and | ) | |
| ENVISION AESC US, LLC | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**FILED**
NOV 1 9 2019
2:56 O'CLOCK
MELISSA HARRELL
DEPUTY CLERK

---

## NOTICE OF APPEARANCE

---

John P. Rodgers of Bradley Arant Boult Cummings LLP hereby enters his appearance as counsel of record for Defendant Yates Services, LLC, and requests service of all pleadings, orders, and other filings in this case.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By: _John P. Rodgers_
Charles J. Mataya (BPR # 012710)
John P. Rodgers (BPR # 030324)
1600 Division Street
P.O. Box 340025
Nashville, Tennessee 37203
P: (615) 252-2324
F: (615) 252-6324
cmataya@bradley.com
jrodgers@bradley.com

*Attorneys for Defendant Yates Services, LLC*

4847-6451-9597.1

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO

| | |
|---|---|
| VERONICA OMAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 76576 |
| | ) |
| YATES SERVICES, LLC, and | ) |
| ENVISION AESC US, LLC | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## NOTICE OF APPEARANCE

John P. Rodgers of Bradley Arant Boult Cummings LLP hereby enters his appearance as counsel of record for Defendant Yates Services, LLC, and requests service of all pleadings, orders, and other filings in this case.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By: *John P. Rodgers*
Charles J. Mataya (BPR # 012710)
John P. Rodgers (BPR # 030324)
1600 Division Street
P.O. Box 340025
Nashville, Tennessee 37203
P: (615) 252-2324
F: (615) 252-6324
cmataya@bradley.com
jrodgers@bradley.com

*Attorneys for Defendant Yates Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2019, a true and exact copy of the foregoing has been sent via U.S. Mail, postage prepaid, to the following:

> Kenneth F. Major
> Nina H. Parsley
> MICHAEL D. PONCE & ASSOCIATES
> 400 Professional Park Drive
> Goodlettsville, TN 37072
> kenneth@poncelaw.com
> nina@poncelaw.com
>
> *Attorneys for Plaintiff*

John P. Rodgers

2

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO

FILED

DEC 20 2019

1:27 O'CLOCK ___ M
MELISSA HARRELL
DEP CLERK

| | | |
|---|---|---|
| VERONICA OMAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 76576 |
| | ) | |
| YATES SERVICES, LLC, and | ) | |
| ENVISION AESC US, LLC | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## DEFENDANT YATES SERVICES, LLC'S ANSWER TO COMPLAINT

Defendant Yates Services, LLC (hereinafter "Yates"), for its Answer to Plaintiff Veronica

Omar's ("Plaintiff") Complaint, states as follows:

1.      Upon information and belief, Yates admits the allegations contained in Paragraph

1 of the Complaint.

2.      Yates admits that it is a for-profit limited liability company registered to do business

in Tennessee. Yates denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Upon information and belief, Yates admits the allegations contained in Paragraph

3 of the Complaint.

4.      Yates admits that this Court has jurisdiction. Yates denies the remaining allegations

contained in Paragraph 4 of the Complaint.

### ALLEGED FACTS

5.      Yates admits that it employed Plaintiff. Yates further admits that Plaintiff's date of

hire was on or about September 24, 2018. Yates denies the remaining allegations contained in

Paragraph 5 of the Complaint.

4852-2726-9037.1

6.      Yates admits that Plaintiff spoke to her immediate supervisor, Chris Whitaker, in November 2018 about an alleged incident with a female coworker. Yates denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Yates denies the allegations contained in Paragraph 7 of the Complaint.

8.      Yates denies the allegations contained in Paragraph 8 of the Complaint.

9.      Yates admits that Plaintiff spoke to her immediate supervisor, Chris Whitaker, on April 4, 2019 about an alleged incident involving Rebecca Galyk. Yates denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Yates denies the allegations contained in Paragraph 10 of the Complaint.

11.     Yates denies the allegations contained in Paragraph 11 of the Complaint.

12.     Yates denies the allegations contained in Paragraph 12 of the Complaint.

13.     Yates is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore deny them.

14.     Yates admits that in April 2019, Plaintiff presented restrictions of "no heavy lifting (<20 lbs), alternate sitting and standing at least every hour." Yates is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint, and therefore deny them.

15.     Yates denies the allegations contained in Paragraph 15 of the Complaint.

16.     Yates denies the allegations contained in Paragraph 16 of the Complaint.

17.     Yates denies the allegations contained in Paragraph 17 of the Complaint.

## COUNT ONE
## ALLEGED GENDER DISCRIMINATION

18.     Yates incorporates by reference its responses to Paragraphs 1-17 of the Complaint as if fully set forth herein.

4852-2726-9037.1
2

19. Yates admits the allegations contained in Paragraph 19 of the Complaint.

20. As the allegations in Paragraph 20 of the Complaint concern Yates, Yates admits the allegations contained in Paragraph 20 of the Complaint.

21. Yates denies the allegations contained in Paragraph 21 of the Complaint.

22. Yates denies the allegations contained in Paragraph 22 of the Complaint.

23. Yates denies the allegations contained in Paragraph 23 of the Complaint.

24. Yates admits that Plaintiff is a female. Yates denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Yates denies the allegations contained in Paragraph 25 of the Complaint.

26. Yates denies the allegations contained in Paragraph 26 of the Complaint.

27. Yates denies the allegations contained in Paragraph 27 of the Complaint.

28. Yates denies the allegations contained in Paragraph 28 of the Complaint.

29. Yates denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT TWO
## ALLEGED DISABILITY DISCRIMINATION

30. Yates denies the allegations contained in Paragraph 30 of the Complaint.

31. As the allegations relate to Yates, Yates admits the allegations contained in Paragraph 31 of the Complaint.

32. Yates admits that Plaintiff received restrictions from her physician on or about April 12, 2019. Yates denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Yates denies the allegations contained in Paragraph 33 of the Complaint.

34. Yates admits that Plaintiff provided it with a doctor's note. Yates is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint, and therefore denies them.

3

4852-2726-9037.1

35.     Yates denies the allegations contained in Paragraph 35 of the Complaint.

36.     Yates denies the allegations contained in Paragraph 36 of the Complaint.

37.     Yates denies the allegations contained in Paragraph 37 of the Complaint.

38.     Yates denies the allegations contained in Paragraph 38 of the Complaint.

39.     Yates denies the allegations contained in Paragraph 39 of the Complaint.

**COUNT THREE**
**ALLEGED RETALIATION**

40.     Yates denies the allegations contained in Paragraph 40 of the Complaint.

41.     Yates denies the allegations contained in Paragraph 41 of the Complaint.

42.     As the allegations concern Yates, Yates admits the allegations contained in Paragraph 42 of the Complaint.

43.     Yates denies the allegations contained in Paragraph 43 of the Complaint.

44.     Yates denies the allegations contained in Paragraph 44 of the Complaint.

45.     Yates denies the allegations contained in Paragraph 45 of the Complaint.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

46.     Yates denies the allegations contained in Paragraph 46 of the Complaint.

47.     Yates admits that attorneys from the law firm of Michael Ponce & Associates represent Plaintiff. Yates is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Complaint, and therefore deny them.

48.     Yates denies the allegations contained in Paragraph 48 of the Complaint.

49.     Yates denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief prayed for in the Prayer for Relief contained on page 8 of the Complaint.

50.     Any allegations which Yates has not admitted, denied, or otherwise explained are expressly denied.

4852-2726-9037.1

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief may be granted.

2.      Depending on the precise theories of Plaintiff's claims, one or more may be barred by the applicable statute of limitation.

3.      There is no duty to provide a reasonable accommodation under the Tennessee Disability Act ("TDA").

4.      Yates asserts that all of its employment decisions made with respect to Plaintiff's employment, including any adverse employment actions, were made for legitimate, non-discriminatory, and non-retaliatory reasons that were unrelated to any exercise of any protected activity by Plaintiff and were not pretextual.

5.      To the extent the Court finds that Yates engaged in any unlawful acts with respect to Plaintiff, such acts were taken in good faith and intended to comply with the Tennessee Human Rights Act ("THRA") and the TDA, were justified, proper, and lawful, and were taken without any intent to violate the THRA or the TDA or any other law and upon reasonable belief that such acts did not violate any law.

6.      To the extent any of Yates' acts violated the THRA or the TDA, which Yates denies, Yates did not know its acts violated the law nor did it show reckless disregard for whether its conduct was prohibited.

7.      To the extent that any adverse action was taken against Plaintiff and to the extent it was based on impermissible grounds, which Yates denies, such alleged action would have been taken even in the absence of an impermissible motive.

8.      To the extent Plaintiff has any damages, which Yates denies, she is under an affirmative duty to mitigate such damages. To the extent she has failed to do so, any relief should be barred or reduced to account for her failure to mitigate.

4852-2726-9037.1

9. Plaintiff cannot recover punitive damages under the THRA or the TDA.

10. The alleged conduct did not constitute harassment based on sex.

11. Plaintiff cannot demonstrate that the alleged conduct was severe and/or pervasive enough to rise to the level of sexual harassment under the THRA.

12. At no time was Plaintiff subjected to actionable unwelcome conduct that constituted sexual harassment.

13. Even if the alleged conduct constituted sexual harassment under the THRA, Yates is not vicariously liable for any alleged sexual harassment committed by one of Plaintiff's co-workers.

14. Yates is not liable for any actions of any manager that was committed outside the scope of his or her employment and not in furtherance of his official duties.

15. Yates is not vicariously or strictly liable for wrongful actions allegedly committed by persons that were not employed by it as a supervisor or manager.

16. No tangible employment action resulted from any refusal by Plaintiff to submit to any alleged sexual demands.

17. To the extent a "supervisor" allegedly sexually harassed Plaintiff, Yates exercised reasonable care to prevent and to take prompt and appropriate corrective action to remedy any alleged sexually harassing behavior and, to the extent that Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Yates, Yates cannot be held liable.

18. Yates reserves the right to assert such additional defenses and additional affirmative defenses as may be revealed by discovery in this matter.

**WHEREFORE**, Defendant Yates Services, LLC, having fully answered the allegations set forth in the Complaint against it, respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice, and that all costs be taxed to Plaintiff, and that Yates be awarded such other and further relief as may be provided by law.

4852-2726-9037.1

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By: _John P. Rodgers_____
Charles J. Mataya (BPR # 012710)
John P. Rodgers (BPR # 030324)
1600 Division Street
P.O. Box 340025
Nashville, Tennessee 37203
P: (615) 252-2324
F: (615) 252-6324
cmataya@bradley.com
jrodgers@bradley.com

*Attorneys for Defendant Yates Services, LLC*

4852-2726-9037.1

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was sent via U.S. Mail, postage prepaid, to the following on this the 19th day of December, 2019:

Kenneth F. Major
Nina H. Parsley
MICHAEL D. PONCE & ASSOCIATES
400 Professional Park Drive
Goodlettsville, TN 37072
P: (615) 235-0272
kenneth@poncelaw.com
nina@poncelaw.com

*Attorney for Plaintiff*

Kenneth A. Weber
Baker Donelson
211 Commerce Street, Suite 800
Nashville, TN 37201
P: (615) 726-7369
F: (615) 744-7369
kweber@bakerdonelson.com

*Attorney for Envision AESC US, LLC*

John P. Rodgers
John P. Rodgers

4852-2726-9037.1

# IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY
## STATE OF TENNESSEE

VERONICA OMAR,             )
                               )
        Plaintiff,         )     NO. 76576
                               )
vs.                       )     **JURY DEMAND**
                               )
YATES SERVICES, LLC, and   )
ENVISION AESC US, LLC      )
                               )
        Defendants.     )

## DEFENDANT ENVISION AESC US, LLC'S ANSWER

Defendant Envision AESC US, LLC ("Envision") files this Answer to Plaintiff's Complaint and states as follows:

1. Admitted upon information and belief.

2. Upon information and belief, Envision admits Defendant Yates Services, LLC is a for-profit limited liability company registered to do business in Tennessee. Upon information and belief, Envision denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Admitted.

4. The allegations in Paragraph 4 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Envision does not contest jurisdiction and venue at this time, but denies that any acts or omissions occurred to support the allegations of the Complaint.

## ALLEGED FACTS

5. To the extent that the term "Defendant" as used in the first sentence of Paragraph 5 refers to Defendant Yates Services, LLC, Envision admits the allegation made in the first sentence of Paragraph 5. Envision admits that Plaintiff was hired by Defendant Yates Services, LLC on or

about September 24, 2018. Envision denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.    Envision denies each and every allegation of Paragraph 6 of the Complaint except admits that Plaintiff spoke to Chris Whitaker in November 2018 about an alleged incident with a female coworker.

7.    Denied.

8.    Denied.

9.    Envision denies each and every allegation of Paragraph 9 of the Complaint except admits that Plaintiff spoke with Chris Whitaker on April 4, 2019 about an alleged incident involving Rebecca Galyk.

10.    Denied.

11.    Denied.

12.    Envision denies each and every allegation contained in Paragraph 12 of the Complaint upon information and belief except admits that Rebecca Galyk was not written up as a result of the incident that allegedly occurred on April 4, 2019.

13.    Envision is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore deny them.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

//

//

2

## COUNT ONE
## ALLEGED GENDER DISCRIMINATION

18.     Envision reaffirms and incorporates all of its responses to Paragraphs 1 through 14 of the Complaint as though fully set forth herein.

19.     The allegations in Paragraph 19 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact, they are admitted.

20.     The allegations in Paragraph 20 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 20 refers to Envision, they are denied.

21.     The allegations in Paragraph 21 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact, they are denied.

22.     Denied.

23.     Denied.

24.     To the extent that the term "Defendant" as used in Paragraph 24 refers to Envision, Envision denies each and every allegation in Paragraph 24 of the Complaint including subparts, except admits that Plaintiff is female.

25.     The allegations in Paragraph 25 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 25 refers to Envision, they are denied.

3

26.     The allegations in Paragraph 26 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact and to the extent the term "Defendant" as used in Paragraph 26 refers to Envision, they are denied.

27.     Denied.

28.     The allegations in Paragraph 28 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 28 refers to Envision, they are denied.

29.     The allegations in Paragraph 29 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 29 refers to Envision, they are denied.

**COUNT TWO**
**ALLEGED DISABILITY DISCRIMINATION**

30.     The allegations in Paragraph 30 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 30 refers to Envision, they are denied.

31.     The allegations in Paragraph 31 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 31 refers to Envision, they are denied.

32.     The allegations in Paragraph 32 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 32 refers to Envision, they are denied.

33.     The allegations in Paragraph 33 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

34.     Denied.

35.     The allegations in Paragraph 35 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 35 refers to Envision, they are denied.

36.     The allegations in Paragraph 36 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 36 refers to Envision, they are denied.

37.     The allegations in Paragraph 37 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 37 refers to Envision, they are denied.

38.     The allegations in Paragraph 38 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed

to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 38 refers to Envision, they are denied.

39. The allegations in Paragraph 39 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

**COUNT THREE**
**ALLEGED RETALIATION**

40. Denied.

41. Denied.

42. The allegations in Paragraph 42 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 42 refers to Envision, they are admitted.

43. The allegations in Paragraph 43 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, they are denied.

44. The allegations in Paragraph 44 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 44 refers to Envision, they are denied.

45. The allegations in Paragraph 45 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 45 refers to Envision, they are denied.

## APPLICABLE TO ALL COUNTS

46.      The allegations in Paragraph 46 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 46 refers to Envision, they are denied.

47.      Envision admits that attorneys from the law firm of Michael Ponce & Associates represent Plaintiff. Envision is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 47, and therefore denies them.

48.      The allegations in Paragraph 48 are not factual allegations, but rather arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact, and to the extent the term "Defendant" as used in Paragraph 48 refers to Envision, they are denied.

49.      Envision denies that Plaintiff is entitled to the relief requested in her "Prayer for Relief" following Paragraph 48 of the Complaint.

50.      Envision requests that the largest number of jurors allowed be empaneled to hear this cause.

51.      Any allegations in Plaintiff's Complaint that have not been expressly admitted or denied above are hereby denied.

## ADDITIONAL DEFENSES

Without admitting or suggesting that it bears the burden of proof on any of the following issues, Envision asserts the following defenses to Plaintiff's Complaint:

1.      Plaintiff's Complaint should be dismissed in whole or in part for failure to state a claim upon which relief can be granted.

7

2. Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

3. Plaintiff's claims may be barred in whole or in part by the doctrines of estoppel, waiver and/or laches, and unclean hands.

4. There is no duty to provide a reasonable accommodation under the Tennessee Disability Act ("TDA").

5. To the extent the Court finds Envision engaged in any unlawful acts with respect to Plaintiff, such acts were taken in good faith and intended to comply with the Tennessee Human Rights Act ("THRA") and the TDA, were justified, proper, and lawful, and were taken without any intent to violate the THRA or the TDA or any other law and upon reasonable belief that such acts did not violate any law.

6. To the extent any of Envision's acts violated the THRA or the TDA, which Envision denies, Envision did not know its acts violated the law nor did it show reckless disregard for whether its conduct was prohibited.

7. Envision was not Plaintiff's "employer" as that term is defined in the THRA or the TDA.

8. To the extent Plaintiff has failed to take reasonable steps to mitigate her alleged damages, any claim for monetary relief must be reduced in an amount equal to the amount of damages that could have been avoided.

9. Plaintiff's claims for monetary relief must be reduced or denied in amounts equal to Plaintiff's interim earnings; by any amount Plaintiff would have earned with reasonable diligence; or by Plaintiff's failure or refusal, for whatever reason, to be available for work after her employment with Envision ended.

8

10. Envision cannot be held liable to the Plaintiff for acts or omissions of its employees that occurred outside the scope of their employment. While Envision expressly denies that any of its employees, officers, or agents acted in any manner that was contrary to law, if Plaintiff's rights were violated, any such violation occurred outside the scope of the employment or agency of the offending employee, officer, or agent, and without the consent, authorization, or ratification of Envision, and thus Envision cannot be held liable to Plaintiff through principles of agency, *respondeat superior*, or otherwise.

11. Envision is not vicariously or strictly liable for wrongful actions allegedly committed by persons that were not employed by it as a supervisor or manager.

12. All personnel actions about which Plaintiff complains were taken solely for legitimate, business reasons and were in no way motivated by or based on discriminatory or retaliatory animus.

13. All personnel actions about which Plaintiff complains were made for good cause and for reasonable factors other than gender, alleged disability, or for undertaking protected activity.

14. Even if Plaintiff can prove conduct by a co-worker that rose to the level of actionable sexual or retaliatory harassment, Envision is not liable for the co-worker's conduct because it did not know or have reason to know of the conduct before it allegedly occurred, and, when Plaintiff complained, Envision took prompt and appropriate corrective action that was reasonably calculated to end any further harassment.

15. In the alternative, if Plaintiff is able to prove that her work environment was sexually or retalitorially hostile, and if she is able to prove the hostile environment was created by or contributed to by one or more of her supervisors, Envision is not liable because it had in place

9

a clear and effective method for reporting workplace harassment or discrimination of any kind; Envision exercised reasonable care to prevent and/or promptly correct any discriminatory or harassing behavior by Plaintiff's supervisors; and Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Envision made available to her.

16.     The allegations contained in the Complaint are not sufficiently severe and pervasive to constitute an intimidating, hostile, or offensive work environment, nor would they be considered offensive to a reasonable person.

17.     In the event that Envision discovers or otherwise learns of evidence to which the after-acquired evidence doctrine applies, Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

18.     Plaintiff cannot recover punitive damages under the THRA or the TDA.

19.     Plaintiff's Complaint may be barred by additional affirmative or other defenses, including those contemplated by Tennessee Rule of Civil Procedure 8, which cannot be determined at this time without the benefit of discovery. Envision therefore reserves the right to amend this Answer and plead additional defenses at the conclusion of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Envision requests judgment in its favor and against Plaintiff for its reasonable attorneys' fees and costs incurred in the defense of this action, and for any other relief the Court deems just and proper.

//

//

//

//

//

10

Respectfully submitted,

Kenneth A. Weber, BPR No. 015730
Christopher J. Barrett, BPR No. 032978
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
kweber@bakerdonelson.com
cbarrett@bakerdonelson.com

*Attorneys for Envision AESC US, LLC*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 10, 2020, a true and exact copy of Envision's Answer has been served upon the following parties or counsel for parties in interest herein by electronic mail and U.S. Mail.

Kenneth F. Major
Nina H. Parsley
Michael D. Ponce & Associates
400 Professional Park Drive
Goodlettsville, TN 37072
kenneth@poncelaw.com
nina@poncelaw.com

*Attorneys for Plaintiff*

Charles J. Mataya
John P. Rodgers
Bradley Arant Boult Cummings LLP
1600 Division Street
P.O. Box 340025
Nashville, TN 37203
cmataya@bradley.com
jrodgers@bradley.com

*Attorneys for Yates Services, LLC*

Christopher J. Barrett

12



TENNESSEE COURTS
UNIFORM FACSIMILE FILING COVER SHEET

TO (COURT CLERK): *Rutherford County Circuit Court* — 615 691-5904

WITH (COURT): _____

CLERK'S FAX NUMBER: *615 691-5904*

CASE NAME: *Veronica Omar v. Yates Services and Envison AESC*

DOCKET NUMBER: *76576*

TITLE OF DOCUMENT: *Defendant EnvisionAESC US LLC's Answer*

FROM (SENDER): *Lindsey Lacayo, Baker Donelson*

SENDER'S ADDRESS: *211 Commerce Street, Suite 800*
*Nashville, TN 37201*

SENDER'S VOICE TELEPHONE NUMBER: *615 726-7303*

SENDER'S FAX TELEPHONE NUMBER: *615 726-0464*

DATE: *1/10/2020* TOTAL PAGES, INCLUDING COVER PAGE: _____

FILING INSTRUCTIONS/COMMENTS (attach additional sheet if necessary):

Unless authorized by the Court, a facsimile transmission exceeding ten (10) pages,

including the cover page, shall not be filed by the clerk.



*Ash*

LODGED 6/5/2020

# IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY
## STATE OF TENNESSEE

VERONICA OMAR,                    )
                                  )
            Plaintiff,            )       NO. 76576
                                  )
vs.                               )       JURY DEMAND
                                  )
YATES SERVICES, LLC, and          )       **FILED**
ENVISION AESC US, LLC             )
                                  )       JUN 1 0 2020
            Defendants.           )       3:30
                                          _____ O'CLOCK
                                          MELISSA HARRELL
                                          DEPUTY CLERK

## AGREED ORDER AMENDING COMPLAINT

It appearing to the court, as evidenced by the signatures of counsel for the respective

parties appearing below, that the parties are in agreement that the Plaintiff shall be allowed

to amend her Complaint to include allegations brought pursuant to Title VII of the Civil

Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq* and additional details.  The

Plaintiff has exhausted her administrative remedies with the Equal Employment

Opportunity Commission. The Amended Complaint is attached hereto.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the Plaintiff

shall be permitted to amend her Complaint to add allegations brought pursuant to Title VII

of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq* and additional details.

All other matters are reserved.

ENTERED this the **9** day of **J—**_____ 2020.

_____
CIRCUIT COURT JUDGE

APPROVED FOR ENTRY

*with permission* *[signature]* BPR#036773
Nina Parsley, BPR #023818
Michael D. Ponce & Associates, PLLC
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776
nina@poncelaw.com
*Attorneys for Plaintiff*


s/ John P. Rodgers
Charles J. Mataya, BPR No. 012710
John P. Rodgers, BPR No. 030324)
Bradley Arant Boult Cummings LLP
1600 Division Street
P.O. Box 340025
Nashville, TN 37203
cmataya@bradley.com
jrodgers@bradley.com
*Attorneys for Yates Services LLC*


*with permission* *[signature]* BPR#036773
Kenneth A. Weber, BPR No. 015730
Christopher J. Barrett, BPR No. 032978
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5600
kweber@bakerdonelson.com
cbarrett@bakerdonelson.com
*Attorneys for Envision AESC US, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served by electronic mail and/or U.S. mail postage prepaid upon:

Charles J. Mataya
John P. Rodgers
Bradley Arant Boult Cummings LLP
1600 Division Street
P.O. Box 340025
Nashville, TN 37203
cmataya@bradley.com
jrodgers@bradley.com
*Attorneys for Yates Services LLC*


Kenneth A. Weber, BPR No. 015730
Christopher J. Barrett, BPR No. 032978
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
kweber@bakerdonelson.com
cbarrett@bakerdonelson.com
*Attorneys for Envision AESC US, LLC*


this the 5th day of June 2020.

s/Nina Parsley
Nina H. Parsley

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY
STATE OF TENNESSEE

| | | |
|---|---|---|
| VERONICA OMAR, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 76576 |
| | ) | |
| vs. | ) | JURY DEMAND |
| | ) | |
| YATES SERVICES, LLC, and | ) | |
| ENVISION AESC US, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

JUN 1 0 2020

3:30 O'CLOCK____M
MELISSA HARRE__
DEP___CLERK

## AMENDED COMPLAINT

Comes now the Plaintiff, by and through counsel, and would respectfully submit to the Court the following Amended Complaint:

1.      The Plaintiff, Veronica Omar, is a resident of the State of Tennessee, residing in Davidson County, Tennessee.

2.      The Defendant, Yates Services, LLC is a for-profit limited liability company in the State of Tennessee located at 983 Nissan Drive, Smyrna, TN.

3.      The Defendant, Envision AESC US, LLC is a for-profit limited liability company in the State of Tennessee located at 500 Battery Plant Road, Smyrna, TN and can be served through their registered agent: Bruce C. Doeg, 211 Commerce Street, Suite 800, Nashville, TN 37201-1817.

4.      This Court has jurisdiction in this matter as the events giving rise to this matter took place in Smyrna, Rutherford County, Tennessee at Yates Services LLC's place of business therein.

## FACTS

5.     At all times relevant to this matter the Plaintiff was employed by the Defendant. She was hired by Yates Services on or around September 24, 2018 as a manufacturing associate / machine operator.

6.     In November of 2018, Plaintiff reported to her immediate supervisor, Christopher Whittaker, that she was being harassed and intimidated by her female coworker and suffering from a sexually hostile work environment.

7.     Management took no action of recourse after Plaintiff complained in November of 2018.

8.     Plaintiff began to be bullied by fellow coworkers when they learned of Plaintiff's report.

9.     On April 4, 2019, Plaintiff again complained to her production supervisor, Christopher Whittaker, about the sexual harassment, this time from a female coworker named Rebecca Galyk who had forcefully pushed her body against the Plaintiff's thighs, buttocks, back and hips.

10.     After her complaints of sexual harassment to her supervisor, the Plaintiff was sent home without pay while Rebecca was permitted to finish her shift.

11.     Female coworkers continued to make harsh statements and harass Plaintiff.

12.     The Plaintiff also reported the April 4, 2019 incident to the HR contact, Megan, with the staffing agency at Yates Services on April 19, 2019, and she was given a written warning. Meanwhile, Rebecca received no write up or disciplinary action.

13.     Supervisor Christopher Whittaker stated that he did not feel the Plaintiff's reports about Rebecca Galyk touching her were "that serious."

2

14.     On April 12, 2019, Plaintiff indicated to her supervisor, Christopher Whittaker that she had been placed on medical restrictions from her doctor, limiting her lifting to nothing greater than 20 pounds and alternating sitting and standing at least every hour.

15.     Plaintiff was allowed to work quality control with no scheduled overtime for approximately two months.

16.     On June 14, 2019, Tracy began threatening client to sign up for overtime or be forced to work overtime and any refusal would result in disciplinary action or a write up while she was still under medical restrictions.

17.     On July 12, 2019, Plaintiff resigned from her position due to the unchecked harassment and retaliation for reporting the harassment to management, because of her disability and/or perceived disability, and/or her gender, female, and/or in retaliation for reporting sexual harassment.

## COUNT ONE
## GENDER DISCRIMINATION

18.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 – 17 above.

19.     The Plaintiff has exhausted her administrative remedies through the Equal Employment Opportunity Commission and has received her Right to Sue letter.

20.     At all times pertinent to this action, Plaintiff was a "person" within the meaning of Tennessee Code Annotated § 4-21-102(14) and consistent with Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*

21.     At all times pertinent to this action, Defendant was an "employer" within the meaning of Tennessee Code Annotated § 4-21-102(4) and consistent with Title VII of

3

the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*

22.     The Plaintiff asserts that she was treated poorly and received disparate treatment as compared to employees who were similarly situated. Plaintiff was harassed on the basis of her gender and was forced to leave her position as a result of her gender.

23.     Plaintiff's female colleague, Rebecca Galyk, inappropriately touched and sexually harassed Plaintiff.

24.     The reported harassment went unchecked and Plaintiff's reports were not taken seriously as a female being sexually harassed by other females.

25.     At all times relevant as set forth herein, the Plaintiff avers the following:

   a.   the Plaintiff was a member of a protected class;

   b.   the Plaintiff was treated differently because of her sex (female);

   c.   the Defendant's discrimination of the Plaintiff was based on her gender;

   d.   the Defendant's discrimination of the Plaintiff affected a term, condition, and/or privilege of the Plaintiff's employment;

   e.   the Defendant's sexual discrimination of the Plaintiff caused her physical or mental wellbeing to be seriously affected; and

   f.   the Defendant failed to take prompt and appropriate corrective action to eliminate the discrimination.

26.     The Plaintiff was forced to resign because of her gender.

27.     The Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, disparate treatment, discrimination and the Plaintiff's gender.

28.     The Defendant discriminated against Plaintiff with respect to her terms, conditions, and privileges of employment because of or on the basis of gender, in violation

4

of T.C.A. § 4-21-401(a)(1) and Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. 2000e, *et seq.*

## COUNT TWO
## DISABILITY DISCRIMINATION

29.     Plaintiff re-alleges and incorporates herein the allegations contained in

paragraphs 1-28 above.

30.     The Plaintiff has exhausted her administrative remedies through the Equal

Employment Opportunity Commission and has received her Right to Sue letter.

31.     At all times pertinent to this action, the Plaintiff was an employee of the

Defendant with a "disability" within the meaning of the Tennessee Disability Act,

Tennessee Code Annotated § 8-50-103, and consistent with Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. 2000e, *et seq.*

32.     At all times pertinent to this action, the Defendant was an "employer" within

the meaning of the Tennessee Disability Act, Tennessee Code Annotated § 8-50-103, and

consistent with Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*

33.     The Plaintiff asserts from April 12, 2019, the Plaintiff had a disability and

was placed on restrictions by her doctor that substantially limited her which was apparent

to and perceived by the Defendant.

34.     Because of her medical condition, Plaintiff needed to be placed in another

department to accommodate her restrictions.

35.     Plaintiff had verbally informed management that she suffered from a

medical condition and provided management with the written doctor's note.

36.     Additionally, the Defendant perceived or regarded the Plaintiff's medical

condition as a disability, consistent with the Tennessee Disability Act, Tennessee Code

5

Annotated § 8-50-103, and consistent with Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. 2000e, *et seq.*

37.     During this applicable time period, the Plaintiff 1) suffered from one or more physical impairments and/or complications that substantially limited one or more of the Plaintiff's activities; 2) the Plaintiff was qualified and able to perform the required job and essential job functions of quality control despite the handicap or disability and restrictions; and 3) the Defendant knowingly discriminated against the Plaintiff and forced overtime hours on her with threat of punishment in spite of her disability.

38.     The Defendant discriminated against the Plaintiff and threatened adverse action against her request for reasonable accommodation(s) to maintain her regular work hours.

39.     The Defendants' termination of the Plaintiff constituted a violation of the the Tennessee Disability Act, Tennessee Code Annotated § 8-50-103, and consistent with Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*

40.     At all relevant dates and times as forth herein, the Defendant is vicariously liable for the actions and inappropriate conduct of its employees, agents and/or representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the handicap and disability discriminating behavior; (b) the Defendant did not properly supervise and train the Plaintiff's supervisors regarding appropriate behavior towards employees with injuries or disabilities; (c) the Defendant did not properly train the Plaintiff's supervisors regarding the Defendants' policies towards a workplace free of handicap and disability discrimination; (d) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report

handicap and disability discrimination occurring within the Defendant's workplace; and (e) the Defendant did not have a viable and reasonable procedure and policy in effect to provide reasonable accommodation to its employees with disabilities.

41.    At said relevant dates and times as set forth herein:

a)    the Plaintiff was a qualified individual with a disability that substantially limited a major life activity and/or the employer treated and perceived the Plaintiff as if the Plaintiff's impairment substantially limited a major life activity;

b)    the Plaintiff was able to perform the essential functions of her job with or without reasonable accommodation; and the Plaintiff suffered a tangible employment action in being forced to resign by the employer as a result of her disability.

**COUNT THREE**
**RETALIATION**

42.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-41 above.

43.    The Plaintiff has exhausted her administrative remedies through the Equal Employment Opportunity Commission and has received her Right to Sue letter.

44.    Therefore, the Plaintiff is asserting retaliation consistent with Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*

45.    In November 2018, Plaintiff complained of sexual harassment.

46.    In April 2019, Plaintiff complained of sexual harassment and a hostile work environment.

47.    At all times pertinent to this action, Plaintiff was a "person" and Defendant was an "employer" within the meaning of Tennessee Code Annotated § 4-21-102(14) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*

7

48.     The Plaintiff asserts that there is a causal connection between the Plaintiff's report of sexual harassment and her resignation in July 2019.

49.     The Plaintiff would aver that the Defendant's reason for her write up and dismissal from work was pre-textual and, further, the Plaintiff was written up and dismissed from work without pay due to her complaint of sexual harassment and a hostile work environment.

50.     Defendant retaliated against Plaintiff with respect to her terms, conditions, and privileges of employment because of or on the basis of her reporting sexual harassment, in violation Tennessee Code Annotated § 4-21-102 *et seq.* when they wrote her up and dismissed her from work without pay in April of 2019.

### APPLICABLE TO ALL COUNTS

51.     Plaintiff has suffered direct pecuniary losses as a result of the Defendant's violations of the Tennessee Human Rights Act and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*, and negligent practices.

52.     As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly discriminated against, retaliated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses.

53.     Plaintiff has retained Michael Ponce & Associates to represent her in this action and has agreed to pay the firm a reasonable attorney's fee for its services.

8

54.    Plaintiff further submits that the Defendant has acted: (a) intentionally, and/or (b) maliciously, and/or (c) recklessly in terminating the Plaintiff and that the Plaintiff is entitled to an award of punitive damages.

**WHEREFORE PLAINTIFF PRAYS:**

a)    That service of process issue to Defendant as set forth in;

b)    Back pay and front pay, and benefits;

c)    Pre-judgment interest;

d)    Compensatory, consequential and punitive damages not to exceed $100,000.00.

e)    Reasonable attorney's fees and costs; and

f)    Other such legal and equitable relief as the Court deems just and proper;

g)    That a jury of twelve (12) be empaneled to try this action.

Respectfully submitted,

MICHAEL D. PONCE & ASSOCIATES

with permission ✗ ____ BPR#036773

Nina H. Parsley [BPR No. 23818]
400 Professional Park Drive
Goodlettsville, TN 37072
Attorney for Plaintiff
615-851-1776
615-859-7033 Facsimile
nina@poncelaw.com

9